Your Honor, with your permission, I'd like to answer Judge Troxler's point. Sure. Your Honor, we filed supplemental briefs in this case, in this court, and that's all we talked about. We talked about primarily the fact that there had been a clarification of state law by the state courts in 2015 that was a defect in the integrity of the federal district court proceeding because the federal court had got state law wrong. So we did raise it in that brief. We certainly raised it in the district court in pleadings. We filed a motion to amend our Rule 60B motion. The court never reached that question because this court had already certified the appeal. So the district court did not rule on our effort to amend the Rule 60B motion. Before, my argument about the state's reply to our initial 60B motion was not to say that we had raised it in the motion, but only to say that their defense to our motion was that North Carolina law had always been consistent with Hall. In other words, Hall changed nothing, according to the state's argument, and that's what we believe as well at this point. Hall changed nothing. The question before this Court is if we lose on the Rule 60B motion, is this appropriate for the Court under 2244, Section 2244, to find that this is a proper successive petition? And then remand to the federal district court for a hearing. That would require that this be a new claim, and we believe that it's not a new claim. But if the court disagreed with that and found that this was a new claim under Hall, then we believe that Hall is a retroactively applicable change in law that would allow for the successive petition. And for the reasons we stated in our brief, we believe that Hall v. Florida is retroactive. So if there are no further questions or any questions on that, I'm happy to take any, but if not, I'll sit down. Okay. Explain for us your position that Hall is retroactive, being made retroactive by the Supreme Court. Yes, Your Honor. We believe there's several arguments for that, and Your Honor mentioned one in Penry, that this is a – that there's a certain class of people that are not eligible for the death penalty. Persons with intellectual disability are not eligible for the death penalty. Hall created a – it was procedural in some aspects, but also substantive, in that if you fit under the criteria of Hall's and you had an IQ of 70 to 75, then you were not going to – and you met the other criteria of adaptive behavior and manifest before the age of 18, then you were no longer eligible for the death penalty. And for that reason, it does not fit under Teague v. Lane. It's the exception to Teague v. Lane, and persons who fall in that category should have the benefit in post-conviction proceedings of Hall v. Florida. The other – But now are you conceding that it is barred as a previous claim under B-1? Under D-1, Your Honor? Previously presented claim? No, we're not – we don't think it should be barred. We think that under Rule 60B it should be – in other words, we're not – we think that Judge Boyle was correct in granting Rule 60B, 6, relief, and that the previous claim should be heard in the district court. But if it's a new rule, haven't you conceded that you've raised the claim? Or you're saying now you haven't raised the claim? We want to be very clear that we're ledging this in the alternative, Your Honor. We're saying, first of all, that it's not a new claim. But if this court disagrees with that and finds that it is a new claim, then it should be eligible as a successive petition. And we're raising this because our client's on death row. And we feel we have to raise every potential possibility, plus the district court in this case specifically said, well, you probably want to raise it in its order. Excuse me. So if it's not – I'm trying to understand this. So if it's not a new claim, then your avenue – your only avenue of relief is through 60B, right? That's correct, Your Honor. Okay. If there are no further questions, we'll sit down. Your Honor, this claim has been raised before in the prior petition. Therefore, it's barred by 2244B1. And the application should be dismissed, and this court should deny the motion. Unless there are any other questions from the court. Well, wait a minute. I'm sorry. What are you saying? Oh, I'm sorry. I'm saying that this claim has been raised before. Okay. How? Ma'am? How? He raised it in his first habeas petition. He raised a Hall claim? No, ma'am. He raised a claim under Adkins. Okay. But Hall now has extended Adkins, hasn't it, arguably, by saying that there is a group of people who cannot be subject to capital punishment without consideration of adaptive functioning? It has. Hasn't it identified new people, so to speak, who the state cannot execute without certain rights attendant? I don't know if it's identified new people, but it has clarified how or added some language on how Adkins is to be applied. Yes, ma'am. But it's not the state's position. Well, but Adkins, yeah. And, see, I guess I'm just confused, so maybe you can help me with this. I thought under Adkins the Supreme Court left it to the states. Yes, ma'am. And Hall is saying, wait a minute, no matter what you do as a state, there are certain people you have to consider in terms of adaptive functioning. And those who are within the margin of error. So isn't that different from Adkins? And if not, why not? It is. It's different in the sense that it still leads to the states, but as Your Honor says, there are these other things you have to do regardless, and standard error measurement, and you can't foreclose evidence, other evidence of intellectual disability. But it's not, I would argue that it's not retroactive, because it has not been made retroactive by the U.S. Supreme Court. And in the recent Chute v. Hill, the Court emphasized that you have to look at the cases on intellectual disability that were clearly established at the time of the relevant state court decision. Okay. But didn't in Penry the Supreme Court talk about a new rule placing certain conduct beyond the state's power to punish at all? Yes, ma'am. But I think in both Adkins and Hall, I'm sorry. No, no. And then said, under the first exception, Sethworth and Tee, should be understood to cover not only rules forbidding criminal punishment of certain primary conduct,  because of their status and offense. So thus, if we held as a substantive matter that the Eighth Amendment prohibits execution of mentally retarded persons, such a rule would fall under the first exception to the general rule of non-retroactivity. Why don't we have that? I mean, why isn't that a necessary conclusion with regard to this case? Because the Supreme Court in Hall has placed a category of defendants beyond the power of the state to execute without consideration of the adaptive functioning. Your Honor, I believe the classification of the defendants is the same, intellectually disabled. But they did in Hall identify additional factors that the state courts have to consider. So I think the class remains the same. And I still, and if that was not the case, then I think Hall and Moore, which applied Hall, would not have been, would have been, versus Hill wouldn't have reversed for reliance on Moore, because they applied Hall, the Sixth Circuit did. So I believe the classification of persons is the same. There are some additional factors, but it's not retroactive. Do we have questions? No. Questions?  Thank you, Your Honor. Your Honor, Shoup does not address retroactively at all, actually. It talks about whether under the ADPA, Moore, and doesn't address Hall, but whether Moore can be applied under 2254 D1, because it was not established at the time that the defendant had his hearing. And it said that Moore could not be applied because the state court hearing had occurred earlier than that. So in terms of an exception under D1, the court said that you couldn't apply, the federal court could not apply Moore, whether or not under T it's retroactive. In this case, state law had always stated that we apply a strict cutoff. I mean, we don't apply a strict cutoff. We didn't know that until 2015. And when we did know it, two weeks, well, when we did know it, the first time we knew it was when the state court told us in its MAR decision in 2015. We then exhausted our state remedies, which was petitioned in the state Supreme Court, and then two weeks after the state court denied review, we filed our Rule 60B motion. So as the district court found, that was a timely 60B motion. We were diligent, and that is a discretionary call of the district court judge. If this court has any question about reasonableness in light of the state court ruling, not in terms of the Hall versus Florida decision, but the state court ruling, then we would urge the court to remand to the district court to let it decide whether it was reasonable in light of the state court 2015 ruling. And in terms of an evidentiary hearing, the federal district court projected in its order that it planned to issue a written order on an evidentiary hearing. I'm sorry, I didn't catch what you said. The federal district court, in ruling on our 60B motion, said, I will issue a written order on an evidentiary hearing. And it hasn't had that opportunity to do that. It will issue a written order on the evidentiary hearing? Is that what you just said to me? On request for an evidentiary, and it has not done it. And the reason it hasn't done it is because we've had the interlocutory appeals in this case. What would be the basis for an evidentiary hearing? Well, our claim is that, our belief is that, even though there was a tremendous amount of evidence, and we think overwhelming, we think indisputable evidence that our client said election issues. An evidentiary hearing? I thought you told me before you didn't ask for an evidentiary hearing. Well, the real 60B motion, we did not. I thought you even agreed that you couldn't have one. Right, that's what I thought too. No, you're right. Which I thought I think would be a good concession on your part. We do not agree that it's impossible for the, first of all. Okay, not impossible in the universe, impossible in this case. Is there grounds to give you an evidentiary hearing now? We think we can win without an evidentiary hearing, Your Honor. That's an answer, but it's not an answer to my question. The question was, do you on this record think you are entitled to an evidentiary hearing now in the district court? We do. Okay, and what's the basis for that? Well, we meet the criteria of Townsend v. Satan. We believe that under 2254E that we were diligent in trying to pursue all the evidence that we had available. And when we went back in 2015, we supplemented some evidence. And what other evidence is there? There was the evidence of affidavit from the State's only witness in 2005. There was what? An affidavit from the State's only witness in 2005 hearing, who was their expert, Dr. Hazelrigg. And Dr. Hazelrigg took several of his prior pronouncements and dismantled them. Okay. And that's what it was. But whether or not there's an evidentiary hearing or not, we still meet the criteria of Rule 60B. And this Court's reviewing for abuse of discretion. It's not reviewing as a de novo measure. This is under EIC and this Court's on bank decision. This is certainly something that the Court should defer in large amount to the Federal District Court's judgment on Rule 60B. To the extent that he made mistakes, those mistakes should be counted in favor of the petitioner, of the appellee, because this Court has the power under Jennings v. Stevens to look at the whole record, to examine the totality of the evidence, and to make a decision based on that evidence, whether in its decision to uphold the discretion, exercise of the discretion by the District Court judge. So we would urge the Court to do that, uphold the District Court's exercise of its discretion under Rule 60B. Finally, I talked about in the last minute about Buck v. Davis, because this has so many similarities to Buck, in terms of the death penalty case, in terms of the State's concession now, the Attorney General's concession here and before, that the State had, in fact, considered the standard error measure, had not applied a strict cutoff, and this recorded in this Court's assumptions before is that there was a strict cutoff. And similarly, this is a fundamental issue of importance, just like in Buck it was about race. In this case, it's also about immutable characteristics of the defendant, in this case, intellectual disability. So you have similar critical issues of importance. And this is an equitable issue, an equitable mechanism in Rule 60B. I see my time's up. I appreciate the Court's attention. Thank you. Thank you. Mr. Rose, I understand you're court-appointed, and we very much appreciate your efforts on behalf of your client. You certainly have gone the extra mile. How long have you been representing this client? Approximately seven years. Oh, my goodness. Well, thank you. Thank you. We very much appreciate it. We'll come to ask our clerk to adjourn court, and then we'll come down and say hello to the lawyers. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Diana Gribbon Motz, Barbara Milano Keenan, William B. Traxler Jr.